IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| CONOR MOORE, § | |
| § | |
| Plaintiff, § | |
| § | Civil Action No. 3:14-CV-1215-D |
| VS. § | |
| § | |
| TOWN NORTH AUTOMOTIVE, INC. § | |
| d/b/a TOWN NORTH MAZDA, et al., § | |
| § | |
| Defendants. § | |

MEMORANDUM OPINION
AND ORDER

In this removed action, plaintiff Conor Moore ("Moore") sues defendant Town North Automotive, Inc. d/b/a Town North Mazda ("Town North"), and defendants Max Wedell ("Max"), Scott Wedell ("Scott"), and Donny Bobo ("Bobo") (collectively, the "Individual Defendants"), under the Fair Labor Standards Act of 1938 ("FLSA"), 29 U.S.C. § 201 *et seq.*, state law, and the Racketeer Influenced and Corrupt Organizations Act ("RICO"), 18 U.S.C. § 1961 *et seq.* Defendants move to dismiss under Fed. R. Civ. P. 12(b)(6) for failure to state a claim on which relief can be granted, and under Rule 9(b) for failure to allege fraud with sufficient specificity. For the reasons that follow, the court grants defendants' motion, raises *sua sponte* that the court lacks subject matter jurisdiction over one of Moore's state-law claims, raises *sua sponte* that Moore has failed to state another state-law claim on which relief can be granted, and allows Moore to replead.

I

According to Moore's petition,[1] he was a car salesman for Town North; he signed an express contract with Town North at the time he was hired; the contract provided that he would be paid a guaranteed commission percentage for each car sold; and the amount of the commission was based at least in part on the profit that Town North made on each sale. The petition alleges that, after Moore discovered that Bobo had reduced one of his commission checks by $150, Moore confronted Bobo, who stated that he routinely reduced large commissions by altering deal documents. After Bobo allegedly told employees that he would continue reducing commissions in this way, Moore quit his job at Town North.

Moore then filed this lawsuit in Texas state court, alleging federal-law claims under the FLSA and RICO and state-law claims for breach of contract, fraud, and for a violation of 40 Tex. Admin. Code § 821.29 (2014) (Tex. Workforce Comm'n, Wage Advances) (regulating process for recouping wage advances). Moore alleges that Town North is vicariously liable for torts committed by the Individual Defendants acting within the scope of their employment with Town North. Defendants removed this case to this court, and they now move under Rule 12(b)(6) and Rule 9(b) to dismiss Moore's state-law claims for breach

---

[1] In deciding defendants' Rule 12(b)(6) motion, the court construes Moore's petition in the light most favorable to him, accepts as true all well-pleaded factual allegations, and draws all reasonable inferences in his favor. *See, e.g., Lovick v. Ritemoney Ltd.*, 378 F.3d 433, 437 (5th Cir. 2004). "The court's review [of a Rule 12(b)(6) motion] is limited to the complaint, any documents attached to the complaint, and any documents attached to the motion to dismiss that are central to the claim and referenced by the complaint." *Lone Star Fund V (U.S.), L.P. v. Barclays Bank PLC*, 594 F.3d 383, 387 (5th Cir. 2010).

of contract and fraud, and his civil RICO claim.

II

"In deciding a Rule 12(b)(6) motion to dismiss, the court evaluates the sufficiency of plaintiff['s] . . . complaint by 'accepting all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff.'" *Bramlett v. Med. Protective Co. of Fort Wayne, Ind.*, 855 F.Supp.2d 615, 618 (N.D. Tex. 2012) (Fitzwater, C.J.) (quoting *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205 (5th Cir. 2007) (internal quotation marks and alteration omitted)). To survive a motion to dismiss under Rule 12(b)(6), a plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* (quoting *Twombly*, 550 U.S. at 556); *see also Twombly*, 550 U.S. at 555 ("Factual allegations must be enough to raise a right to relief above the speculative level[.]"). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'shown'—'that the pleader is entitled to relief.'" *Iqbal*, 556 U.S. at 679 (quoting Rule 8(a)(2)) (alteration omitted). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* at 678.

"Rule 9(b) imposes a heightened pleading standard for fraud claims and requires that

a party state with particularity facts supporting each element of fraud." *Turner v. AmericaHomeKey Inc.*, 2011 WL 3606688, at *2 (N.D. Tex. Aug.16, 2011) (Fitzwater, C.J.) (citing *Benchmark Elecs., Inc. v. J.M. Huber Corp.*, 343 F.3d 719, 724 (5th Cir. 2003)), *aff'd*, 514 Fed. Appx. 513 (5th Cir. 2013). "At a minimum, Rule 9(b) requires allegations of the particulars of time, place, and contents of the false representations, as well as the identity of the person making the misrepresentation and what he obtained thereby." *Id.* (quoting *Benchmark Elecs.*, 343 F.3d at 724) (internal quotation marks omitted). More colloquially, plaintiffs must plead the "who, what, when, where, and how" of the fraud. *Williams v. Bell Helicopter Textron, Inc.*, 417 F.3d 450, 453 (5th Cir. 2005) (quoting *United States ex rel. Thompson v. Columbia/HCA Healthcare Corp.*, 125 F.3d 899, 903 (5th Cir. 1997)). Because Rule 9(b) must be "read in conjunction with [Rule] 8 which requires only a short and plain statement of the claim showing that the pleader is entitled to relief," "punctilious pleading detail" is not required. *Steiner v. Southmark Corp.*, 734 F. Supp. 269, 273 (N.D. Tex. 1990) (Fitzwater, J.) (quoting *Landry v. Air Lines Pilots Ass'n Int'l AFL-CIO*, 892 F.2d 1238, 1264 (5th Cir. 1990)) (internal quotation marks omitted). "The court's key concern in assessing a complaint under Rule 9(b) is to determine whether the plaintiff seeks to redress specific wrongs or whether the plaintiff instead seeks the opportunity to search out actionable wrongs." *Garcia v. Boyar & Miller, P.C.*, 2007 WL 2428572, at *4 (N.D. Tex. Aug. 28, 2007) (Fitzwater, J.) (quoting *FDIC v. Gaubert*, No. 3-90-1196-D, slip op. at 7 (N.D. Tex. Sept. 4, 1990) (Fitzwater, J.)).

III

The court considers first whether Moore has stated a plausible claim for breach of contract.

Under Texas law, Moore's breach of contract claim requires proof of four elements: (1) the existence of a valid contract; (2) Moore performed his duties under the contract; (3) defendants breached the contract; and (4) Moore suffered damages as a result of the breach. *See, e.g., Hoffman v. L & M Arts*, 774 F.Supp.2d 826, 832 (N.D. Tex. 2011) (citing *Lewis v. Bank of Am. NA*, 343 F.3d 540, 544-45 (5th Cir. 2003)).

Defendants contend that Moore has not alleged the existence of a valid contract between himself and the Individual Defendants. The court agrees. Under Texas law, officers and employees of a corporation are not personally liable for the breach of a contract between the corporation and a third party. *See Covington v. Aban Offshore Ltd.*, 650 F.3d 556, 558-59 (5th Cir. 2011) (reaching this conclusion under Texas and federal law). Moore has not alleged that the Individual Defendants were parties to the contract. They are therefore entitled to dismissal of his breach of contract claim.

Defendants also argue that Moore has not identified any provision of the contract that defendants breached. Moore alleges that his commission percentage was guaranteed by the express terms of the contract, and that Bobo reduced commissions by altering deal documents. But Moore has failed to allege that the contract precluded Town North from altering deal documents or that he was paid less than the commission percentage to which he was entitled under the contract's terms. Moore has therefore failed to plausibly allege that

Town North breached the contract. *Cf. Innova Hosp. San Antonio, L.P. v. Blue Cross & Blue Shield of Ga., Inc.*, ___ F.Supp.2d ___, 2014 WL 360349, at *8 (N.D. Tex. Feb. 3, 2014) (O'Connor, J.) (granting Rule 12(b)(6) motion where plaintiffs failed to identify provisions of contract that were breached or to provide factual allegations about terms of contracts).

Accordingly, the court grants defendants' Rule 12(b)(6) motion as to Moore's breach of contract claim.

IV

Defendants move to dismiss Moore's claim under § 821.29. Although defendants predicate their argument on Rule 12(b)(6), "this court is obligated, *sua sponte* if necessary, to note a lack of subject matter jurisdiction." *Hayes v. MBNA Tech., Inc.*, 2004 WL 1283965, at *2 (N.D. Tex. June 9, 2004) (Fitzwater, J.) (citing *In re Bowman*, 821 F.2d 245, 246 (5th Cir. 1987)). The court therefore raises *sua sponte* that it lacks jurisdiction over Moore's claim under § 821.29.

A federal district court does not have jurisdiction over a removed claim if the state court would not have had jurisdiction over it. *See City of Clarksdale v. BellSouth Telecomms., Inc.*, 428 F.3d 206, 210 n.6 (5th Cir. 2005). The Texas Workforce Commission ("TWC") promulgated § 821.29 pursuant to its authority to interpret and enforce Texas Labor Code §§ 61.001-61.104 (West 2006) (the "Payday Law"). *See* 40 Tex. Admin. Code § 821.1 (2014) (Tex. Workforce Comm'n, Title and Purpose) ("The purpose of these rules is to implement and interpret the provisions of the Texas Labor Code, Chapter 61, Payment of Wages."); *see also* Tex. Lab. Code Ann. § 61.002 (stating that the TWC would administer

and implement the statute). The Payday Law "establishes an administrative system vesting authority in the [TWC] to govern the payment of wages by employers." *Holmans v. Transource Polymers, Inc.*, 914 S.W.2d 189, 190 n.1 (Tex. App. 1995, writ denied). To file a claim under the Payday Law, an employee must "file a wage claim with the [TWC] . . . in a manner and on a form prescribed by the commission." Tex. Lab. Code Ann. § 61.051(a)-(b) (West Supp. 2013). The Texas Legislature intended that this administrative process be an alternative to traditional litigation. *See Igal v. Brightstar Info. Tech. Grp., Inc.*, 250 S.W.3d 78, 87 (Tex. 2008) (stating that the "Legislature intended the Payday Law to provide employees with a vehicle for relief when a traditional lawsuit proved too arduous"), *superseded by statute on other grounds*, Tex. Lab. Code Ann. § 61.051(c) (West Supp. 2013). In short, Texas law is clear that claims under § 821.29 must be filed with the TWC.

Moore does not cite any statute or court decision authorizing a court to entertain a claim under § 821.29. Moore has therefore failed to establish that the Texas state court or this court has jurisdiction to consider his § 821.29 claim. Accordingly, the court dismisses Moore's § 821.29 claim *sua sponte* for lack of subject matter jurisdiction. *Cf. Campbell v. City of Fort Worth*, 69 Fed. Appx. 657, 2003 WL 21355854, at *1 (5th Cir. May 20, 2003) (per curiam) (unpublished table decision) (holding that court had no jurisdiction to consider appeal where Texas law only authorized administrative appeal).

V

The court considers next whether Moore's petition pleads a fraud claim with the particularity that Rule 9(b) requires.

Defendants maintain that Moore's fraud claim does not satisfy Rule 9(b) because he has not alleged which, if any, defendant made misrepresentations to him, and when defendants allegedly made such misrepresentations. Moore responds that his fraud claim satisfies Rule 8's fair notice standard, and he asserts that he specifically pleaded fraud as to Bobo.

Moore's fraud claim does not satisfy Rule 9(b). Moore alleges, for example, that "Defendants represented that they would pay [him] in accordance with the commission plan during 2012 and 2013," and that this "representation was false because Defendant Bobo, in the course and scope of his employment with Defendant Town North . . . fraudulently reduced the commissions owed by altering completed deal documents." Pet. ¶ 30. Although Moore alleges misrepresentations, he does not specify any of the other required particulars, such as which defendants represented that they would pay him in accordance with the commission plan, when defendants made such representations, and in what context they were made. *See, e.g., Shakeri v. ADT Sec. Servs., Inc.*, 2013 WL 6498268, at *3 (N.D. Tex. Dec. 11, 2013) (Fitzwater, C.J.) (dismissing fraud claim under Rule 9(b)); *cf. Benchmark Elecs.*, 343 F.3d at 724 (holding that plaintiff satisfied Rule 9(b) where it alleged specifically who made misrepresentations, when they made them, and what they said).

The court grants defendants' Rule 9(b) motion and dismisses Moore's fraud claim.

VI

The court now considers whether Moore has pleaded a plausible RICO claim.

A

"RICO makes it unlawful 'for any person employed by or associated with any enterprise engaged in, or the activities of which affect, interstate or foreign commerce, to conduct or participate, directly or indirectly, in the conduct of such enterprise's affairs through a pattern of racketeering activity.'" *Auto-Opt Networks, Inc. v. GTL USA, Inc.*, 2014 WL 2719219, at *5 (N.D. Tex. June 16, 2014) (Fitzwater, C.J.) (quoting 18 U.S.C. § 1962(c)). "Reduced to their simplest terms, the essential elements of a RICO claim are: (1) a person who engages in (2) a pattern of racketeering activity (3) connected to the acquisition, establishment, conduct, or control of an enterprise." *Id.* (quoting *Orthoflex, Inc. v. ThermoTek, Inc.*, 2012 WL 2864510, at *2 (N.D. Tex. July 12, 2012) (Fitzwater, C.J.)) (internal quotation marks omitted). "To establish a pattern of racketeering activity, [Moore] must allege (1) the predicate acts of racketeering activity, and (2) a pattern of such acts." *Orthoflex, Inc.*, 2012 WL 2864510, at *2 (citing *In re Burzynski*, 989 F.2d 733, 742 (5th Cir. 1993)).[2] In addition to alleging the essential elements of a RICO claim, Moore must plausibly allege that he was "injured in his business or property by reason of a violation of section 1962." 18 U.S.C. § 1964(c); *see also Gaines v. Tex. Tech Univ.*, 965 F. Supp. 886,

---

[2]18 U.S.C. § 1961(1)(B) "defines 'racketeering activity' according to whether it constitutes 'any act which is indictable' under several specified sections of title 18 of the United States Code, [two] of which [are] mail fraud [and wire fraud][.]" *Trugreen Landcare, L.L.C. v. Scott*, 512 F.Supp.2d 613, 623 (N.D. Tex. 2007) (Fitzwater, J.).

890 (N.D. Tex. 1997) (Fitzwater, J.) (interpreting "business or property" clause).

Viewed favorably to Moore, his petition alleges that defendants committed predicate acts of racketeering activity by (1) committing common law fraud against Moore by changing deal documents, including financing statements; (2) selling cars without disclosing the applicable warranties, or lack thereof; (3) failing to notify "Spanish" customers in writing of the warranties, Pet. ¶ 36; (4) mailing title paperwork and closing documents in the mail that contained material obtained through deceptive practices and/or fraud; and (5) placing tax returns into the mail that contained material obtained through deceptive practices and/or fraud, and placing Moore's 2012 and 2013 W2s into the mail, which contained fraudulent pretenses and representations. Defendants contend, *inter alia*, that common law fraud is not a predicate act of racketeering activity, and that Moore has not adequately alleged causation and damages under RICO. Moore responds that he has suffered damage, most recently because defendants committed mail fraud.

B

1

Common law fraud is not a predicate act under RICO. *See Tel-Phonic Servs., Inc. v. TBS Int'l, Inc.*, 975 F.2d 1134, 1139 (5th Cir. 1992) (citation omitted) (stating that "[m]isrepresentations that occurred at a meeting do not constitute wire or mail fraud . . . and thus could not constitute racketeering activity," and citing *Zolfaghari v. Sheikholeslami*, 943 F.2d 451, 453 (4th Cir. 1991), for proposition that "common-law fraud does not suffice to state a RICO violation"). Thus Moore has failed to plead a plausible RICO claim to the

extent his claim is based on common law fraud.

2

Moore alleges that predicate acts (2)-(5), *see supra* § VI(A), violate various statutes and regulatory provisions. The court assumes *arguendo* that these are predicate acts under RICO and considers whether Moore has plausibly alleged that these predicate acts injured him.[3] To plausibly allege injury, Moore must show "some direct relation between the injury asserted and the injurious conduct alleged." *Holmes v. Sec. Investor Prot. Corp.*, 503 U.S. 258, 268 (1992).

Moore alleges that defendants' conduct caused him to suffer "actual damages, including loss of income and attorneys' fees." Pet. ¶ 40. He separately requests attorney's fees under 18 U.S.C. ¶ 1964(c) (providing for treble damages, including attorney's fees). *See id.* at ¶ 41. The court construes Moore's petition as seeking attorney's fees as damages in addition to seeking such fees under § 1964(c). Assuming that attorney's fees are recoverable as damages under RICO,[4] Moore must show that the alleged predicate acts injured him by causing him to incur attorney's fees. *See, e.g., Macauley v. Estate of Nicholas*, ___

---

[3]Because the court is assuming *arguendo* that the acts alleged in (2)-(5) are predicate acts, the court will refer to them as, for example, "predicate act (2)." Nevertheless, the court has not decided on the merits whether the acts alleged in (2)-(5) qualify as predicate acts under RICO.

[4]"[T]here is some debate about whether legal fees can ever suffice as 'injuries' under RICO." *Walter v. Palisades Collection, LLC*, 480 F.Supp.2d 797, 804 (E.D. Pa. 2007); *see also id.* n.11 (collecting cases). The court assumes *arguendo* that incurring attorney's fees can qualify as an injury under RICO.

- 11 -

F.Supp.2d ___, 2014 WL 1225674, at *7 (E.D. Pa. Mar. 25, 2014). Additionally, the amount of attorney's fees incurred must be "clear and definite," not "premature and speculative." *LaBarbara v. Angel*, 95 F.Supp.2d 656, 663 (E.D. Tex. 2000) (holding that RICO claim for attorney's fees was premature where related claim was pending in state court).

Moore's allegations of damages in the form of attorney's fees fail in both respects to the extent they are based on predicate acts (2)-(5). Moore fails to plead any factual allegations suggesting that predicate acts (2)-(5) caused him to incur attorney's fees, and he does not plead any factual allegations that permit the court to draw the reasonable inference that the amount of his attorney's fees is clear and definite. His claim appears to be based on the fees he is accruing in this litigation. Moore has therefore failed to plead a plausible RICO claim to the extent it is based on predicate acts (2)-(5) and alleged damages in the form of attorney's fees.

Moore also seeks actual damages in the form of lost income. As with his claim for attorney's fees, Moore must plausibly allege that predicate acts (2)-(5) caused his loss of income. Moore has not alleged any facts that would enable the court reasonably to infer that defendants' failure to disclose warranty information, or to disclose Spanish-speaking customers in writing of the warranties, caused Moore to lose commissions. Thus his claim fails to the extent based on predicate acts (2) and (3).

Nor has he adequately pleaded that the unspecified "paperwork and closing documents" referred to in his petition caused him to lose income. The specific allegation follows a reference to "improperly and illegally sell[ing] cars without proper disclosure of

applicable warranties." Pet. ¶ 37.[5] There is no basis for the court to draw the reasonable inference that this alleged misconduct caused Moore to lose income.

Finally, predicate act (5) appears to permit only the reasonable inference that Moore in fact lost income (i.e., his W2 forms for 2012 and 2013 reflect lower commission income that he should have received), but not to permit the reasonable inference that the documents themselves caused Moore to lose that income.

Moore has therefore failed to plead a plausible RICO claim to the extent based on predicate acts (2)-(5) and alleged damages in the form of lost income. Accordingly, the court grants defendants' Rule 12(b)(6) motion as to Moore's RICO claim.

VII

The court raises *sua sponte* that Moore has failed to state a claim for vicarious liability, and that the Individual Defendants are entitled to dismissal of this claim under Rule 12(b)(6).

A district court has the authority to consider the sufficiency of a petition and dismiss an action *sua sponte*, as long as the procedure it employs is fair. *See, e.g., Biggers v. BAC Home Loans Servicing, LP*, 767 F.Supp.2d 725, 733 n.7 (N.D. Tex. 2011) (Fitzwater, C.J.)

---

[5]The pertinent part of ¶ 37 reads:

> Collectively, and as agents of Defendant Town North, Defendants Bobo, Max Wedell and Scott Wedell, while engaged in interstate commerce did improperly and illegally sell cars without proper disclosure of applicable warranties. Defendants placed title paperwork and closing documents in mail with the intent said documents be delivered.

- 13 -

(noting that district court has authority to consider sufficiency of complaint and dismiss action on its own motion as long as procedure employed is fair, raising ground for dismissal *sua sponte*, and concluding that procedure was fair because court was granting leave to replead). Here, because the court is granting Moore leave to replead, it can raise Rule 12(b)(6) dismissal *sua sponte*.

Moore alleges that he "was injured as a result of a tort or torts committed by Defendants Bobo, [Max], and [Scott]," and that "Bobo, [Max], and [Scott] commit[t]ed the tort or torts while acting in the course and scope of their employment with . . . Town North." Pet. ¶ 43. Moore does not specify what tort or torts the Individual Defendants committed, when they committed them, or how he was injured. The court holds that Moore has failed to state a plausible vicarious liability tort claim against Town North for acts allegedly committed by the Individual Defendants, and it dismisses this claim accordingly.

VIII

Although the court is granting defendants' motion to dismiss under Rule 12(b)(6), it will permit Moore to replead. *See, e.g., In re Am. Airlines, Inc., Privacy Litig.*, 370 F.Supp.2d 552, 567-68 (N.D. Tex. 2005) (Fitzwater, J.) (noting that district courts often afford plaintiffs at least one opportunity to cure pleading deficiencies before dismissing case, unless it is clear that defects are incurable or plaintiffs advise court that they are unwilling or unable to amend in a manner that will avoid dismissal). Because there is no indication that Moore cannot, or is unwilling to, cure the defects that the court has identified, the court grants him 28 days from the date this memorandum opinion and order is filed to file an

amended complaint.  Additionally, this procedure will ensure that the court's dismissal *sua sponte* of Moore's vicarious liability tort claim is fair.

\* \* \*

For the reasons explained, the court grants defendants' motion to dismiss under Rule 12(b)(6) and Rule 9(b), raises *sua sponte* that the court lacks subject matter jurisdiction over Moore's § 821.29 claim, raises *sua sponte* that Town North is entitled to dismissal under Rule 12(b)(6) of Moore's vicarious liability tort claim, and grants Moore leave to replead.

**SO ORDERED**.

July 11, 2014.

_____
SIDNEY A. FITZWATER
CHIEF JUDGE